**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-01238-001-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| James Bond, | |
| Defendant. | |

Defendant James Bond, whom the government is prosecuting for sex trafficking of a minor, engaging in illicit sexual conduct in foreign places, production of child pornography for importation to the United States, and other offenses, seeks access to transcripts of the grand jury proceedings leading to his indictment. (Doc. 67.) The government opposes production at this time. (Doc. 70.) Because Bond's motion does not show a "particularized need" for obtaining the transcripts before the government will otherwise disclose them,[1] it is denied.

### I.     Standard for Ordering Disclosure of Grand Jury Transcripts

Rule 6(e)(3)(E) provides that a court may order disclosure of a grand jury matter "preliminarily to or in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter

---

[1] The government's response avows that it routinely provides defendants with grand jury transcripts of witness testimony before trial as required by *Giglio v. United States*, 405 U.S. 150 (1972) (Doc. 70 at 14), and separately informed court staff and defense counsel in an email that it would provide the transcript before the Jencks deadline. The court will hold it to these promises.

1 that occurred before the grand jury[.]" Fed. R. Crim. P. 6(e)(3)(E)(i), (ii). In either
2 circumstance, the party seeking disclosure must "demonstrate[ ] with particularity the
3 existence of a compelling need that is sufficient to outweigh the policy of grand jury
4 secrecy." *See United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987); *Dennis v.*
5 *United States*, 384 U.S. 855, 870 (1966). To determine whether a particularized need exists,
6 courts examine whether: (1) disclosure of the materials will avoid a possible injustice; (2)
7 the need for disclosure is greater than the need for continued secrecy; and (3) only relevant
8 parts of the transcripts will be disclosed. *See United States v. Reid*, 477 F. Supp. 3d 1174,
9 1185 (W.D. Wash. 2020) (quoting *United States v. Plummer*, 941 F.2d 799, 806 (9th Cir.
10 1991)). The party seeking disclosure bears the burden of making these showings. *Id*.

**II.     Analysis**

Bond seeks disclosure of both witness testimony and the prosecutor's instructions to the grand jury, invoking the "judicial proceeding" and "motion to dismiss" prongs of Rule 6(e)(3)(E). (Doc. 67 at 3–8.) His stated basis for disclosure is "to assist in the preparation of his defense . . . to avoid a possible injustice" by giving him access to the identities of minor victims and to investigate whether the prosecutor presented false or misleading evidence or instructions to the grand jury. (Doc. 67 at 3, 5.) He asserts that the transcript might allow him to file a motion to dismiss based on a total lack of probable cause or instructional error because although the indictment repeatedly stated he was a resident of Arizona, the government has not yet produced evidence supporting that allegation. (Doc. 67 at 7–8.) None of these reasons show a particularized need for disclosure.

To start with Bond's residency-evidence argument, a defendant may not challenge an indictment which sufficiently alleges a fact "on the ground that the allegations are not supported by adequate evidence." *United States v. Lacey*, 423 F. Supp. 3d 748, 753 (D. Ariz. 2019) (simplified). The proper place and time for such a challenge is at trial. *Id*. This principle holds no less true for facts allegedly establishing jurisdiction or venue, like those Bond points to here, than for any other factual allegation. *See United States v. Walczak*,

783 F.2d 852, 857 (9th Cir. 1986) (rejecting defendant's contention that the grand jury may have lacked evidence establishing jurisdiction as insufficient "particularized need" for a transcript); *United States v. Lukashov*, 694 F.3d 1107, 1120 (9th Cir. 2012) (noting that determining whether venue exists is a question of fact for the jury). Moreover, in response to Bond's argument, the government points to disclosed evidence it claims supports the residency allegations. (*See* Doc. 70 at 2–5.) So even if the court could look behind the indictment's allegation due to a "complete lack of evidence" as some cases seem to permit, *see, e.g.*, *United States v. Romero*, 585 F.2d 391, 399 (9th Cir. 1978), Bond has not made that showing here.

Nor does Bond's speculation that the prosecutor may have incorrectly instructed the grand jury about his residency support disclosure of the transcript now. Speculation as to what a prosecutor said and whether it constituted misconduct does not show a particularized need for a transcript of an Assistant U.S. Attorney's grand jury instructions. *DeTar*, 832 F.2d at 1113; *see also United States v. Bennett*, 702 F.2d 833, 836 (9th Cir. 1983) ("The defendant's assertion that he has no way of knowing whether prosecutorial misconduct occurred does not constitute a particularized need outweighing the need for grand jury secrecy.").[2] Instead, to make out a case for disclosure based on the prosecutor's conduct, Bond was required to show a flagrant error so significant it infringed the grand jury's ability to exercise independent judgment. *United States v. Larrazolo*, 869 F.2d 1354, 1359 (9th Cir. 1989), *overruled on other grounds by Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799–800 (1989). To the extent Bond more generally speculates that prosecutorial misconduct before the grand jury may justify dismissing the indictment, he has not alleged *any* facts supporting that claim. His bare allegation is far below even those justifying non-disclosure in other cases, and even further below one that would merit

---

[2] Consistent with these and more recent Ninth Circuit cases, *see United States v. Graham*, 630 F. App'x 712, 715 (9th Cir. 2015), the court applies the "particularized need" standard even to the prosecutor-instructional component of the grand jury proceedings despite Bond's argument—based entirely on a district court case and a Ninth Circuit case that appear to have considered the court's instructions to the grand jury rather than the prosecutor's—that such instructions do not fall within Rule 6(e). (*See* Doc. 67 at 8 (citing *United States v. Diaz*, 236 F.R.D. 470, 477–78 (N.D. Cal. 2006); *United States v. Alter*, 482 F.2d 1016, 1029 n.21 (9th Cir. 1973).)

disclosure. *Compare DeTar*, 832 F.2d at 1113 (rejecting as "baseless speculation" information defense counsel claimed he received from grand juror where prosecutor rebutted it), *with Reid*, 477 F. Supp. 3d at 1185 (ordering disclosure where the defendant identified "a concrete example of misconduct on the Government's behalf").

Finally, Bond's claims that he needs the transcript to discover the full identities of the minor victims and to make trial preparation easier do not show particularized need. Setting aside the government's argument that the transcript does not in fact contain the names of the victims, a "generalized desire for discovery . . . does not constitute the requisite showing of particularized need." *Goldstein v. City of Long Beach*, 603 F. Supp. 2d 1242, 1254 (C.D. Cal. 2009) (citing *Baker v. U.S. Steel Corp.*, 492 F.2d 1074, 1076 (2d Cir.1974)). Because Bond offers nothing more specific to show particularized need here, the court will not order disclosure of the grand jury transcripts at this time.

Accordingly,

**IT IS ORDERED** denying Bond's motion for production and inspection of grand jury proceedings (Doc. 67).

Dated this 16th day of January, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge

- 4 -